UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| **GLESTER ELVEY,** | : | Civil Case No.: |
| | : | |
| *Plaintiff,* | : | **COLLECTIVE ACTION** |
| | : | **COMPLAINT** |
| against, | : | |
| | : | |
| **SILVER'S CRUST WEST INDIAN RESTAURANT** | : | |
| **& GRILL INC and CONRAD MCGREGOR,** | : | **Jury Trial Demanded** |
| | : | |
| *Defendants.* | : | |

_____

Plaintiff Glester Elvey referred to as "Plaintiff", by his undersigned attorney, for his Complaint against the defendants Silver's Crust West Indian Restaurant & Grill, INC. ("Silver's Crust"), and Conrad McGregor ("McGregor") (collectively "Defendants") allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for overtime pay, unpaid wages and other relief brought under the Fair Labor Standards Act, 28 U.S.C. § 201 et seq. ("FLSA") and Article 6 and Article 19 of the New York Labor Law ("NYLL"). This lawsuit seeks to recover unpaid overtime compensation and penalties for failure to provide proper wage notices and wage payment stubs.

2. Commencing in 2008 and continuing to October 2017, Plaintiff was employed by Defendants as a Chef at Silver's Crust, a self-proclaimed, west indian restaurant. In willful and conscious disregard of the law, Defendants failed to pay to Plaintiff for the overtime work he performed. Further, Defendants failed to provide Plaintiff with proper wage notices and wage statements as required by the NYLL. For these willful violations of the NYLL, Defendants are

1

liable to Plaintiff, jointly and severally, for back pay, liquidated damages, penalties and attorney's fees and costs.

**PARTIES**

3. Plaintiff is an individual and is, and at all times relevant to this Complaint, has been a resident of the State of New York, the City of New York, County of Kings.

4. Silver's Crust is a New York domestic corporation, formed in 2007.

5. McGregor is an individual and a resident of the State of New York, the City of New York, County of Kings.

6. McGregor is identified with the New York State Department of State, Division of Corporations, as the Chief Executive Officer of Silver's Crust.

7. Silver's Crust does business and is located at 747 Nostrand Ave, Brooklyn, NY 11216.

8. Silver's Crust does business and is located at 1695 President Street, Brooklyn, NY 11213.

9. Silver's Crust does business and is located at 9001 Avenue A, Brooklyn, NY 11236.

10. Silver's Crust does business and is located at 5223 Avenue D, Brooklyn, NY 11203.

11. Silver's Crust does business and is located at 4809 Church Ave, Brooklyn, NY 11203.

12. Silver's Crust does business and is located at 660 Utica Avenue, Brooklyn, NY 11203

13. Silver's Crust does business and is located at 227-05 Merrick Blvd., Springfield Gardens, NY  11413.

14. Silver's Crust does business and is located at 114-20 Sutphin Blvd., Jamaica, NY 11434.

15. At all relevant times, McGregor was the owner/operator/manager of Silver's Crust.

16. At all relevant times, McGregor had the discretionary authority to create and enforce personnel decisions on behalf of Silver's Crust, including but not limited to: hiring and terminating employees, setting wages, authorizing issuance of wages, maintaining employee records, and otherwise controlling the terms and conditions of employment for Plaintiff all other employees of Silver's Crust.

17. At all relevant times, Silver's Crust and McGregor own the properties where Silver's Crust are located.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

18. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely the FLSA.

19. Silver's Crust is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA.

20. Silver's Crust purchases goods that have crossed state lines.

21. Silver's Crust has gross sales in excess of $1 Million per year for the year ending 2017.

22. Plaintiff, and all others employed by Defendants, are "employees" within the meaning of the FLSA.

23. This Court has supplemental jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1367.

**Personal Jurisdiction**

24. This Court has personal jurisdiction over Defendants because Defendants engage in business and/or reside in the State of New York and within the Eastern District of New York.

**Venue**

25. Venue is proper in the Eastern District of New York under 29 U.S.C. §1391(b)(1) and (2) because Defendants conduct business and reside in this judicial district and because the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently or formerly employed by Defendants in non-exempt positions subject to Defendants' unlawful overtime pay practices and policies described herein and who worked for Defendants at any time in the six (6) year period preceding the date the instant action was initiated.

**FACTS**

**Silver's Crust's Business**

27. In 2007, McGregor opened Silver's Crust.

28. From the time of its opening to the present, Silver's Crust's hours of operations are as follows: Monday through Sundays 6 a.m. to 12 a.m.

29. From the time of its opening to the present, Silver's Crust has grown from a single location to eight locations throughout Brooklyn and Queens.

30. Silver's Crust are restaurants.

31. Silver's Crust employees chefs.

32. Silver's Crust employees cooks.

33. Silver's Crust employees servers.

34. Silver's Crust employees kitchen staff.

35. Silver's Crust employees cashiers.

36. Patrons of Silver's Crust purchase food to go or to eat in.

37. Silver's Crust also provides catering services.

## GELSTER ELVEY'S FACTS

### Glester's Hire by McGregor

38. In 2008, McGregor hired Elvey Glester for the position of Chef at Silver's Crust.

39. McGregor established Glester Elveys's work schedule at the time of his hire, and thereafter adjusted his work schedule on as needed basis through the entirety of the period of Glester Elvey's employment by Silver's Crust.

40. McGregor established the work schedule of all other employees of Silver's Crust.

41. McGregor determined the rate and method by which Plaintiff was compensated.

42. McGregor determined the rate and method by which all other employees of Silver's Crust were compensated.

43. McGregor maintained all employment records related to Plaintiff.

44. McGregor maintained all employment records related to all other employees of Silver's Crust.

45. McGregor was a majority shareholder of Silver's Crust.

### **Glester Elvey's Schedule**

46. At various times during his employment with Silver's Crust, Defendants suffered or permitted Plaintiff to work more than forty (40) hours during a workweek.

47. Plaintiff's usual work schedule has been, from the commencement of his employment, and is as follows: Wednesday through Monday from 3 p.m. to 11 p.m.

48. Thus, during those workweeks in which he worked his usual schedule, Plaintiff has worked a minimum of eight (8) hours on each day.

49. Thus, during those workweeks in which he worked his usual schedule, Plaintiff had worked a minimum of Forty-Eight (48) hours.

50. During each workweek during which he worked his usual schedule, Plaintiff worked in excess of 48 hours every week, but Defendants did not compensate him with the overtime pay to which he is entitled under the FLSA and the NYLL.

51. Notwithstanding the requirement of the New York Wage Theft Prevention Law that employees be provided with a statement of their wage arrangement, Defendants failed to provide Plaintiff with such statements at such times that provision of such statements has been required by the NYLL.

52. Plaintiff was compensated for his employment with a fixed weekly wage.

**Plaintiff's Terms of Compensation**

53. At the time of Plaintiff's hire, McGregor informed Plaintiff that his compensation would consist of $500.00 per week.

54. Thereafter, Plaintiff was compensated for employment on a fixed salary of $500.00 per week.

55. The amount of hours Plaintiff worked was not used in calculating Plaintiff's wages.

56. Upon information and belief, all Cooks employed at Silver's Crust were compensated in the same manner as Plaintiff, as described in paragraphs 51, 52, 54, 55, 56 58-65 of this Complaint.

57. Notwithstanding the requirement of the New York Wage Theft Prevention Law that employees be provided with a statement of their wage arrangement, Defendants failed to provide Plaintiff with such statements at such times that provision of such statements has been required by the NYLL.

**The Manner by Which Defendants Calculated Plaintiff's Gross and Net Wages**

58. On the date in which each payroll check was given to Plaintiff, McGregor provided Plaintiff with a check and pay stub which purported to represent the gross pay for that payroll period and net pay for that payroll period.

59. Each pay stub provided to Plaintiff supposedly reflected an amount attributable to "salary" for that pay period.

60. The pay stub provided to Plaintiff did not reflect the number of hours worked by Plaintiff during the payroll period.

7

61. The supposed "salary" rate made to Plaintiff during each pay period was consistent from one pay period to another.

62. Defendants did not provide Plaintiff with overtime compensation for those workweeks in which Plaintiff worked more than 40 hours.

63. Plaintiff was classified as a non-exempt employee.

64. Pursuant to the FLSA and the NYLL, Defendants were and are required to make, keep and preserve records of employee wages, hours and employment conditions.

65. Defendants failed to maintain such records of employee wages, hours and employment conditions, with respect to Plaintiff or with respect to any other employees.

**The Cessation of Plaintiff's Employment**

66. Plaintiff ceased working for Defendants effective October 15, 2017.

**FIRST CAUSE OF ACTION (On Behalf of Plaintiff and FLSA Collective, Against All Defendants - Failure to Pay Overtime Compensation - FLSA)**

67. Plaintiff and the FLSA Collective reallege and reassert each and every allegation set forth in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. The overtime compensation provisions set forth in the FLSA and the regulations thereunder promulgated by the United States Department of Labor apply to Defendants and protect Plaintiff and the FLSA Collective.

69. Defendants have failed to pay Plaintiff and the FLSA Collective overtime compensation for all time in excess of forty (40) hours worked in any workweek.

70. Defendants' violation of the overtime provisions of the FLSA were willful and intentional, entitling Plaintiffs and the FLSA Collective to unpaid overtime compensation for a period of three years from the date of commencement of this action.

71. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION (On Behalf of Plaintiff and FLSA Collective, Against All Defendants - Failure to Pay Overtime Compensation - NYLL)**

72. Plaintiff realleges and reassert each and every allegation set forth in paragraphs 1 through 71 of this complaint as if fully set forth herein.

73. Pursuant to Article 19 of the NYLL and the regulations of the New York State Department of Labor, Hospitality Wage Order (the "Hospitality Wage Order"), at 12 NYCRR § 146-1.4, Defendants are required to pay overtime compensation to each of its employees for all hours worked over forty (40) in any workweek.

74. Plaintiffs willfully failed to pay the Plaintiff overtime compensation for overtimes he worked, as required by Article 19 of the NYLL and 12 NYCRR § 146-1.4.

75. Claims for violation of Article 19 of the NYLL are governed by a six (6) year statute of limitations.

76. As a result of Defendants' willful violations of the NYLL and the Hospitality Wage Order, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other relief pursuant to the NYLL.

**THIRD CAUSE OF ACTION (On Behalf of Plaintiff and FLSA Collective, Against All Defendants - NYLL § 195 - Recordkeeping Violations)**

77. Plaintiff reasserts and realleges each and every allegation set forth in paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78. Defendants are, singly or collectively, employers under the NYLL subject to the provisions of NYLL Section 195 (the "Wage Theft Prevention Law") and the provisions of the Hospitality Wage Order, 12 NYCRR § 146-2.2, pursuant to which, commencing in 2010 Defendants were required to provide Plaintiff each year, in the form promulgated by the New York State Department of Labor, with a notice of his regular rate of pay, overtime rate, designated pay day, the name and address of the employer including the employer's "doing business as" name, and other information.

79. The annual notice requirement of the Wage Theft Prevention Act was repealed effective February 25, 2015.

80. In January 2008, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

81. In January 2009, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

82. In January 2010, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

83. In January 2011, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

84. In January 2012, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

85. In January 2013, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

86. In January 2014, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

87. In January 2015, Defendants failed to provide Plaintiff with the required annual wage notice, in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

88. In addition, Defendants failed to provide Plaintiff with the wage notice required to be provided in accordance with the Wage Theft Prevention Law and the Hospitality Wage Order.

89. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2010, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

90. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2011, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

91. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2012, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

92. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2013, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

93. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2014, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

94. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2015, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work

week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

95. Due to Defendants' failure to provide to Plaintiff the required wage notice in January 2016, Plaintiff is entitled to recover from Defendants fifty dollars ($50.00) for each work week that the violation occurred or continued to occur, up to a total of twenty-five hundred dollars ($2,500.00), as provided by NYLL § 198(1)-d, along with reasonable attorney's fees and costs and injunctive/declaratory relief.

**FOURTH CAUSE OF ACTION (On Behalf of Plaintiff and FLSA Collective, Against All Defendants - NYLL § 195 - Recordkeeping Violations)**

96. Defendants reassert and reallege each and every allegation set forth in paragraphs 1 through 95 of this Complaint as fully set forth herein.

97. Pursuant to the NYLL and the Hospitality Wage Order, 12 NYCRR § 146-2.3, Defendants were and are required to provide each employee with a statement, commonly referred to as a pay stub, setting forth hours worked, wages paid, gross wages, credits claimed, deductions, and net pay.

98. During Plaintiff's employment, Defendants did not provide Plaintiff with wage statements that accurately set forth the number of hours worked by Plaintiff during the payroll period, the hourly rate of pay for the "Regular Wages" paid to him, and an accurate and proper payment of such "Regular Wages."

99. Due to Defendants' failure to provide to Plaintiff accurate wage statements, Plaintiff is entitled to recover from Defendants one hundred dollars ($100.00) for each inaccurate

wage statement up to a total of twenty-five hundred dollars ($2,500.00), along with attorney's fees and costs and injunctive/declaratory relief.

100. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs, individually and on behalf of all similarly situated persons, seek the following relief:

A. that, at the earliest possible time, Plaintiffs are allowed to give notice of this collective action, or that the Court issue such notice, to all employees who are presently, or have during the six years immediately preceding the filing of this lawsuit, up to and including the date of the Court's issuance of court supervised notice, been employed by Defendants as non-exempt employees, such notice to inform them that this lawsuit has been filed, of the nature of the action, and of their right to join this action if they believe they were denied wages in violation of the FLSA or the NYLL;

B. that the Court award to Plaintiff and to members of the FLSA Collective all overtime compensation to which they are entitled under the FLSA, along with liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest;

C. that the Court award to Plaintiff overtime compensation to which they are entitled under the NYLL, along with liquidated damages, attorney's fees and costs, and prejudgment and post-judgment interest;

D. that the Court award to all Plaintiffs statutory penalties for failure to provide wage notices in accordance with the Wage Theft Prevention Law, along with attorney's fees and costs;

E. that the Court award to all Plaintiffs statutory penalties for failure to provide accurate wage statements in accordance with the Wage Theft Prevention Law, along with attorney's fees and costs;

F. that the Court provide injunctive and declaratory relief to restrain and prevent Defendants from engaging in further violations of the FLSA and/or the NYLL; and

G. that the Court provide such other and further relief as the Court deems necessary or appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment in their favor as requested above.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Dated: New York, New York
January 3, 2018

Respectfully submitted.

Matthew J. Salimbene, P.C.
*Attorneys for the Plaintiff(s)*

_____/s/_____
Matthew J. Salimbene, Esq.
900 Third Avenue, Suite 1801

New York, New York 10022
P: (212) 935-2060
F: (646) 783-3688